# UNITED STATES COURT OF APPEALS
# FOR THE TENTH CIRCUIT

| | | |
|---|---|---|
| JULIUS MUSAU,<br>　　　　　　　　　Appellant,<br><br>v.<br><br>KENNETH CARLSON, ET AL<br><br>　　　　　　　　　Appellees. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 11-3105 |

**Opposition to Motion for Leave to File Corrected Brief**

COMES NOW Mr. Musau and explains his conditional opposition to the appellees' motion for leave to file a corrected brief. The appellees have responded to our motion to strike their opening brief, for sanctions, and for attorney's fees by requesting affirmative relief, pursuant to Fed. R. App. § 27(a)(3)(B). Although we do not oppose the submission of a corrected brief in principle, because the Appellees' corrected brief continues to cite to unsupported facts, does not discuss whether the original brief ought to be stricken, and does not respond in any meaningful way to our request for sanctions or for attorney's fees, we respectfully maintain that sanctions and attorney's fees remain appropriate and that the original brief should be stricken from the record, along with portions of the corrected brief that continue to allege "facts" not supported by the record.

I.  **Striking the Opening Brief From the Record Remains Necessary to Correct the False and Disparaging Statements About Mr. Musau in the Appellees' Opening Brief.**

Various factual allegations in the appellees' opening brief are defamatory and impugn Mr. Musau's character. Not striking the appellees' opening brief leaves these

1

assertions in the public record, accessible to anyone who has registered for a PACER account. Because the appellants have not addressed in their motion whether their original brief ought to be stricken from the record, we respectfully renew our request that the original brief be stricken from the record.

## II.     The "Corrected" Brief Continues to Advance "Facts" Not Supported By the Record, and These References Should Be Stricken.

Although some of the factual errors in the original brief are now corrected, the appellees' Corrected Brief continues to advance factual allegations not supported by the record, and these too should be stricken. The Court should not grant leave to file a corrected brief when "the corrected brief contains the same legal arguments as the deficient brief filed." *Dobbs v. Anthem Blue Cross & Blue Shield*, 475 F.3d 1176, 1179 F.N2 (10th Cir. 2007).

In its opening brief, the appellants alleged that Mr. Musau had never raised his fear of retaliation as a witness either before the immigration court or with any agency prior to petitioning the District Court for the writ of habeas corpus. *See* Appellees' Opening Br. p. 6. In our motion to strike, we pointed out that no record evidence supported the allegations by counsel that Mr. Musau had never raised his fear prior to petitioning the District Court. Motion to Strike p. 4. In fact, Judge Vratil's underlying order confirmed that the appellees had alleged identical "facts" in their motion to dismiss but did not "provide record support therefor," including that

> "(3) after accepting voluntary departure, petitioner did not contact ICE or any other law enforcement agency about the threats his brother received; and (4) the petition in this case constitutes the first time petitioner raised the issue of his fear of returning to Kenya and need for protection because of his cooperation with law enforcement officials in 2007."

Appendix ("Apx.") p. 6-7, footnote 2.

2

Now, after seeking the extraordinary remedy of leave to file a corrected brief, the appellees *continue* to allege these unsupported facts. They repeat three times their unsupported allegation that Mr. Musau's habeas petition raised the issue of Mr. Musau's fear of harm as a witness "for the first time." Corrected Br. p. 3, 6, 17. They rely on this "fact" to argue that "Musau has not sought any form of relief as provided under existing law through either a witness protection program, or through ICE in the format of deferred action" and thus failed to exhaust his remedies. Corrected Br. p. 16. The District Court specifically declined to make such a finding of fact without evidentiary support. Accordingly, the appellees' attempts to augment the factual record with unsupported allegations should be stricken from the corrected brief.

### III.    Sanctions and Attorney's Fees Remain Appropriate.

Although the appellees have not addressed the issues of sanctions or attorney's fees in their motion, we maintain that this burdensome and vexatious portion of the litigation was wholly avoidable, and the Court should at a minimum order the appellees to pay Mr. Musau's attorney's fees relating thereto. The appellees were fully aware of who was and was not indicted in the criminal scheme to which Mr. Musau was a witness, and any confusion on the part of counsel should have been corrected by the substantive footnote in Judge Vratil's underlying order. While the appellees describe this as an oversight by counsel (Motion p. 3), but they have been repeated even after warning. The appellees do not allege in their motion to file a corrected brief that these factual errors would have been corrected absent the motion to strike. Further, the appellees argue in their motion that these corrections were "not material" and are *"de minimus"* but the appellees have based an entire argument relating to administrative exhaustion on these

3

allegations. Finally, accusations regarding a federal criminal indictment would be considered tortious if they were not made in the context of litigation. We hardly see them as "not material" or "*de minimus*."

Accordingly, we respectfully seek this Court's discretion to strike the original opening brief, strike any portions or the corrected brief that continue to advance and rely upon un-sourced "facts," and order sanctions and attorneys fees in favor of Mr. Musau.

          Respectfully Submitted

          __/s/__Matthew L. Hoppock___

          Matthew Lorn Hoppock
          Dunn & Davison, LLC
          1100 Walnut St., Suite 2900
          Kansas City, MO 64106
          (phone) (816) 292-7600
          (fax) (816) 292-7601
          Attorney for Appellant

## CERTIFICATE OF DIGITAL SUBMISSION

Pursuant to the Tenth Circuit General Order, I certify that an exact copy of this opposition was served on the court and opposing counsel by electronic submission. No privacy redactions were required. I further certify that this document was scanned for viruses using Microsoft Security Essentials (version 2.1.1116.0), and is virus free.

          Respectfully Submitted

          __/s/__Matthew L. Hoppock___

          Matthew Lorn Hoppock
          Dunn & Davison, LLC
          1100 Walnut St., Suite 2900
          Kansas City, MO 64106
          (phone) (816) 292-7600
          (fax) (816) 292-7601
          Attorney for Appellant

## CERTIFICATE OF SERVICE

I hereby certify that on this 4th day of October, 2011, a copy of the foregoing **Opposition to Motion for Leave to File Corrected Brief** were caused to be served upon the Clerk of the Court for the United States Court of Appeals for the Tenth Circuit by using the CM/ECF system. All participants in this case are registered with CM/ECF and will be served by the CM/ECF system including:

>CRAIG W. KUHN
>Trial Attorney, District Court Section
>U.S. Department of Justice, Civil Division
>Office of Immigration Litigation
>P.O. Box 868, Ben Franklin Station
>Washington, D.C. 20044
>(202) 616-3540
>E-Mail: craig.kuhn@usdoj.gov

>and

>CHRISTOPHER ALLMAN
>Assistant U.S. Attorney
>Kan. Fed. Bar No. 14225
>500 State Avenue, Suite 360
>Kansas City, KS 66101
>Telephone: (913) 551-6730
>E-Mail: christopher.allman@usdoj.gov

>Respectfully Submitted
>
>__/s/__Matthew L. Hoppock___
>
>Matthew Lorn Hoppock
>Dunn & Davison, LLC
>1100 Walnut St., Suite 2900
>Kansas City, MO 64106
>(phone) (816) 292-7600
>(fax) (816) 292-7601
>Attorney for Appellant